## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN KUBIAK, | : | Case No. 3:11-cv-141 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| | : | |
| PAUL BARBAS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| PATRICK NICHTING, | : | Case No. 3:11-cv-148 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| | : | |
| DPL, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| RALPH B. HOLTMAN, *et al.*, | : | Case No. 3:11-cv-173 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| v. | : | |
| | : | |
| DPL, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |

## ORDER OF CONSOLIDATION

Now before the Court are Plaintiff Kubiak's unopposed motions to consolidate

three separate civil cases: *Stephen Kubiak v. Paul Barbas, et al.*, Case No. 3:11-cv-141;

*Patrick Nichting v. DPL, Inc., et al.*, Case No. 3:11-cv-148; and *Ralph B. Holtman, et al.*

*v. DPL, Inc., et al.*, Case No. 3:11-cv-173.[1]  None of the Plaintiffs nor the Defendants in any of the cases have opposed the motions.[2]

The Court may order consolidation "[w]hen actions involving a common question of law or fact are pending." Fed. R. Civ. P. 42(a).  In determining whether or not to consolidate cases, a court may consider a number of factors related to judicial economy, *see Carpenter v. GAF Corp.,* Nos. 90-3460, 90-3461, 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (*per curiam*), and a court shall consider the following factors when considering whether to consolidate:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Contrell v. GAF Corp.,* 999 F.2d 1007, 1011 (6th Cir. 1993).

Plaintiff Kubiak filed the first of the Related Actions[3] before this Court

---

[1]  *See* Doc. 10 in Case No. 3:11-cv-141; Doc. 7 in Case No. 3:11-cv-148; and Doc. 5 in Case No. 3:11-cv-173.

[2]  The Court is mindful that it still has before it the issue of appointment of lead counsel, which this Order does not address.

[3]  On April 26, 2011, Plaintiff Stephen Kubiak filed his shareholder derivative and putative class action, entitled *Kubiak v. Barbas, et al.*, Case No. 3:11-cv-00141 (the "*Kubiak* Action").  On May 4, 2011, Plaintiff Patrick Nichting filed his shareholder derivative and putative class action, entitled *Nichting v. DPL Inc., et al.*, Case No. 3:11-cv-00148 (the "*Nichting* Action").  Then, on May 20, 2011, Plaintiffs Ralph B. Holtmann and Catherine P. Holtmann filed their shareholder derivative and putative class action, entitled *Holtman, et al. v. DPL, Inc., et al.*, Case No. 3:11-cv-00173 (the "*Holtmann* Action").  Collectively, the *Kubiak*, *Nichting*, and *Holtmann* cases are referred to herein as the "Related Actions."

-2-

challenging the proposed acquisition of DPL, Inc. by The AES Corporation ("AES"), as announced on April 20, 2011, whereby DPL shareholders would receive $30 in cash per DPL share they own. The plaintiffs in the Related Actions, individually and on behalf of similarly situated DPL shareholders (the "Class"), assert claims arising from the Individual Defendants' attempts to sell the Company to AES, allegedly at an unfair price via an unfair process.[4]

As the Related Actions involve common questions of fact and law, they are ripe for consolidation. Specifically, the Related Actions involve common questions of law and fact concerning Defendants' claimed violations of state law fiduciary duty, *inter alia*, in connection with their attempts to sell DPL to AES, allegedly for an unfair price and via an unfair process. Consolidation will therefore avoid duplication of efforts, facilitate judicial economy, and ensure the orderly prosecution of Plaintiffs' cases.

### ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.  Plaintiff Kubiak's motions to consolidate (Doc. 10 in 3:11-cv-141; Doc. 7 in 3:11-cv-148; Doc. 5 in 3:11-cv-173) are **GRANTED**;

2.  These three cases are **CONSOLIDATED** for all purposes under the **LOWER DOCKET NUMBER**, 3:11-cv-141; and

3.  **ALL FUTURE FILINGS** shall be made in "Consolidated Case No. 3:11-cv-141."

---

[4]  The term "Individual Defendants" refers to Paul M. Barbas, Glenn E. Harder, Paul R. Bishop, Robert D. Biggs, Lester L. Lyles, Ned J. Sifferlen, Barbara S. Graham, Frank F. Gallaher, and Pamela B. Morris. The term "Defendants" refers to Defendants DPL, AES, and Dolphin Sub, Inc.

**IT IS SO ORDERED.**

Date: 6/10/11

Timothy S. Black
United States District Judge