IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STEPHEN KUBIAK, *et al.*, | Consolidated Case No. 3:11-cv-141 |
| Plaintiff, | Judge Timothy S. Black |
| v. | |
| PAUL BARBAS, *et al.*, | |
| Defendants. | |

**ORDER APPOINTING LEAD AND LIASION COUNSEL**

Now before the Court are the Motions to Appoint Lead and Liaison Counsel filed by Plaintiff Kubiak, Plaintiff Nichting, and the Holtmann Plaintiffs,[1] and the parties' responsive memoranda.[2]

## I. BACKGROUND FACTS

Each of the three motions before the Court concerns the appointment of Lead and Liaison Counsel for the proposed class in a putative class action challenging the proposed acquisition of DPL Inc.[3] by The AES Corporation. All of the filed complaints[4] are

---

[1] Doc. 10 in Case No. 3:11cv141, Doc. 9 in Case No. 3:11cv148, and Doc. 8 in Case No. 3:11cv173.

[2] Docs. 17, 28, 29, 30 in Case No. 3:11cv141; Docs. 11, 12, 13 in Case No. 3:11cv148; and Docs. 14, 15, 16 in Case No. 3:11cv173.

[3] DPL is a corporation organized and existing under the laws of the State of Ohio. DPL is a regional energy company which provides service to over 500,000 retail customers in West Central Ohio. DPLE engages in the operation of merchant peaking generation facilities, and it is a competitive retail electric supplier in Ohio, selling to major industrial and commercial customers. DPL, through its subsidiaries, owns and operates approximately 3,800 megawatts of generation capacity, of which 2,800 megawatts are low cost coal-fired units and 1,000 megawatts are natural gas and diesel peaking units.

[4] These actions have now been consolidated into the instant case. (Doc. 31).

brought on behalf of DPL shareholders (the "Class") and allege similar causes of action for breach of fiduciary duty in connection with an offer to acquire all of the Company's outstanding stock by AES, through AES's wholly-owned subsidiary, by means of an allegedly unfair process at an allegedly unfair price (the "Proposed Transaction").[5] The Proposed Transaction, which was unanimously approved by the Board, is valued at approximately $4.7 billion, including a total equity value of $3.5 billion.

Plaintiff Kubiak seeks the appointment of Robbins Umeda LLP as Lead Counsel and Landskroner Grieco Madden, LLC as Liaison Counsel; Plaintiff Nichting seeks the appointment of Faruqi & Faruqi, LLP and Shepherd, Finkelman, Miller & Shah, LLP as Co-Lead Counsel and the Law Offices of John C. Camillus as Liaison Counsel; and Plaintiffs Holtmann seek appointment of Carney Williams Bates Bozeman & Pulliam, PLLC as Lead Counsel and David P. Meyer & Associates Co., LPA as Liaison Counsel. All claim that they are best suited to serve as Lead and/or Liasion Counsel.

---

[5] A review of case filings in the Montgomery County Court of Common Pleas reveals that there are at least half a dozen similar cases being brought in state court. Five of these cases were filed by the same plaintiffs' law firms that have also filed the actions in federal court: (i) *Meyr v. Barbas et al.*, 2011 CV 03055, filed by Plaintiff Kubiak's counsel on April 26, 2011 and thereafter dismissed; (ii) *Mahaffey v. Barbas, et al.*, 2011 CV 03344, filed by the Plaintiffs Holtmann's counsel on May 6, 2011; (iii) *The Austren Trust v. Barbas, et al.*, 2011cv03027, filed by Plaintiff Kubiak's liaison counsel on April 25, 2011; (iv) *Strobhar v. Barbas, et al.*, 2011cv03089, filed by Plaintiff Kubiak's liaison counsel on April 27, 2011; and (v) *Hime v. Barbas, et al.*, 2011cv03402, filed by Plaintiff Kubiak's liaison counsel on May 9, 2011. (*See, e.g.*, Doc. 29, Exs. A, B, C-1, C-2, and C-3).

## II.  ANALYSIS

In complex cases such as this one, it is well established that the court may appoint a leadership structure of plaintiffs' counsel to coordinate the prosecution of the litigation. *In re Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988), *cert. denied*, 488 U.S. 1006. Federal Rule of Civil Procedure 23(g) outlines the duty of class counsel to "fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(4). Rule 23(g) enumerates the following factors a court must consider when appointing lead counsel:

> (i)  work counsel has done in identifying or investigations potential claims in the action;
> (ii)  counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
> (iii)  counsel's knowledge of the applicable law; and
> (iv)  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C)(i)-(iv). Courts have also outlined factors to guide them when ruling on competing motion for lead counsel:

> the quality of the pleading that appears best able to represent the interests of the shareholder class and derivative plaintiffs; the relative economic stakes of the competing litigations in the outcome of the lawsuit (to be accorded "great weight"); the willingness and ability of all contestants to litigate vigorously on behalf of an entire class of shareholders; the absence of any conflict between larger, often institutional, stockholders and smaller stockholders; the enthusiasm or vigor with which the various contestants have prosecuted the lawsuit; competence of counsel and their access to the resources necessary to prosecute the claims at issue.[6]

---

[6]  In considering all of these factors, the Court notes that there are factors that weigh both in favor of and against each of the proposed lead and liasion counsel.

*Hirt v. United States Timberlands Serv. Co.*, No. 19575, 2002 Del. Ch. LEXIS 89 (Del. Ch. July 3, 2002).

### A. Conflicts

While this Court does not perceive a *per se* conflict of interest, counsel for Plaintiffs Kubiak and Holtmann are currently representing other plaintiffs in the parallel Ohio state court proceedings seeking to challenge the Proposed Transaction. Accordingly, counsel for Plaintiff Kubiak and the Holtmann Plaintiffs may have interests at different times in advancing either this action or the Ohio state cases at the expense of the other. Specifically, Plaintiff Kubiak's counsel and the Holtmann Plaintiffs' counsel first chose to dedicate their efforts to prosecuting claims for other DPL shareholders in Ohio state court. Nevertheless, they have also filed in federal court in Ohio, and the Holtmann Plaintiffs' counsel have done so without withdrawing their other client's Ohio state court action.

At first blush, these filings might suggest the appearance of forum shopping, which is directly contrary to well-established policy. Thus, appointing counsel for Plaintiff Kubiak or the Holtmann Plaintiffs as lead counsel may "carry the taste of rewarding forum shopping." *Rhodes v. SilkRoad Equity,* C.A. No. 2133-N, 2007 Del. Ch. LEXIS 20, at *4 (Del. Ch. Jan. 29, 2007). This Court is wary of rewarding tactical maneuvers which could encourage other counsel to engage in forum shopping.

**B.   Economic Stake**

Courts do not mechanically look to the plaintiff with the largest number of shares; instead, the test is the *relative* size of the shares. *Wiehl v. Eon Labs, et al.*, No. Civ. A. 1116-N, 2005 WL 696764, at *3 (Del. Ch. Mar. 22, 2005) (selecting an individual plaintiff with the smallest number of shares to act as lead plaintiff rather than institutional investors, noting that "even the largest plaintiff owns only 0.065% of Eon's shares. Its stake is simply not large enough to demonstrate a substantial relative difference that would require the court to give this factor greater weight under *Hirt*.").

DPL has approximately 116.9 million shares issued and outstanding. Therefore, although some of the Plaintiffs hold more shares than others, each Plaintiff's shares represent a small fraction of the total outstanding shares. The Holtmann Plaintiffs own 11,400 shares of DPL common stock (the largest of the three and approximately .00975% of DPL's outstanding shares),[7] Plaintiff Nichting owns 1,350 shares, and Plaintiff Kubiak owns 400 shares. However, no one plaintiff has claimed to have a greater relative stake in the litigation.

---

[7]   The Court is impressed by the fact that the Holtman Plaintiffs want to be actively involved in the litigation of this case. However, that is only one factor for this Court to consider.

-5-

## C. Experience/Resources/Quality of Pleadings

Although all of the firms seeking appointment as Lead Counsel have impressive resumes, the Court is most impressed with Faruqi & Faruqi.[8] Furthermore, Mr. Camillus has extensive experience representing plaintiffs in securities class action and derivative matters[9] and is familiar with Ohio corporate law and rules of procedure. The Court is convinced that Plaintiff Nitching's counsel can commit as much person-power and financial resources as is required to represent the class properly. This has been evidenced by the quality of Plaintiff Nichting's pleadings to date, which have been both thorough and timely. Additionally, the Court is persuaded by the fact that counsel for Plaintiff Nichting appear to have made the most concerted effort to be inclusive[10] – an essential attribute for Lead Counsel. Finally, the Court finds that it is essential to have one voice, and the Court therefore declines to appoint a slew of attorneys as co-lead counsel.[11]

---

[8] *See, e.g., In re Lubrizol, Inc. Shareholder Litig.,* Case No. 11CV1006 (Lake County Common Pleas, OH); *Kajaria v. Cohen,* No. 1:10cv3141 (N.D. Ga. Atlanta Div); *In re Bausch & Lomb Inc. Buyout Litig.,* Index No. 07/6384 (N.Y. Supr. Ct., Monroe Cty. 2008).

[9] *Caston v. Hoaglin, et al.,* Case No. 2:08cv200 (S.D. Ohio); *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.,* Case No. 1:08cv11064 (Dist. Of Mass); *Yardain Inc. Pension Plan v. Arden L. Shisler,* Case No. 08cv3884 (Franklin County Court of Common Pleas).

[10] Plaintiff Nichting's counsel reached out to all plaintiffs' counsel at the inception of these cases in an effort to coordinate prosecutorial efforts and conserve judicial resources. (Doc. 17 at 10).

[11] This Court is confident that Lead Counsel will recognize the talent and experience of competing movants' counsel and will offer other firms the opportunity to work on this matter in a manner that maximizes the efficient prosecution of the claims.

### III. CONCLUSION

For the reasons stated above, the Court hereby appoints Faruqi & Faruqi and Shepherd Finkelman as Co-Lead Counsel and the Law Offices of John C. Camillus as Liaison Counsel, thereby granting their Motion (Doc. 9 in Case No. 3:11cv148). The additional movants' Motions to Appoint Lead Counsel (Doc. 10 in Case No. 3:11cv141; Doc. 8 in Case No. 3:11cv173) are **DENIED**.

**IT IS SO ORDERED.**

Date: 6/14/11

*Timothy S. Black*
Timothy S. Black
United States District Judge