## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| PATRICK NICHTING, | : | Consolidated Case No. 3:11-cv- |
| Individually And On Behalf Of All Others Similarly | : | 141 |
| Situated, | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| - v. - | : | |
| | : | |
| DPL INC., et al., | : | |
| | : | |
| Defendants. | : | |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
### SETTLEMENT AND SETTLEMENT HEARING

TO:  ALL PERSONS OR ENTITIES WHO HELD SHARES OF THE COMMON STOCK OF DPL INC. ("DPL" OR THE "COMPANY"), EITHER OF RECORD OR BENEFICIALLY, INCLUDING THEIR RESPECTIVE SUCCESSORS IN INTEREST, SUCCESSORS, PREDECESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER, ANY OF THEM, AND EACH OF THEM, TOGETHER WITH THEIR PREDECESSORS AND SUCCESSORS AND ASSIGNS, AT ANY TIME BETWEEN AND INCLUDING APRIL 19, 2011 THROUGH THE EFFECTIVE DATE OF THE MERGER WITH THE AES CORPORATION (THE "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A LAWSUIT AND CONTAINS IMPORTANT INFORMATION.  YOUR RIGHTS WILL BE AFFECTED BY THESE LEGAL PROCEEDINGS IN THIS LITIGATION.

IF YOU WERE NOT THE BENEFICIAL HOLDER OF COMMON STOCK OF DPL BUT HELD SUCH STOCK FOR A BENEFICIAL HOLDER, PLEASE TRANSMIT THIS DOCUMENT PROMPTLY TO SUCH BENEFICIAL HOLDER.

The purpose of this notice (the "Notice") is to inform you of a proposed settlement (the "Settlement") of the above-captioned consolidated action (the "Action" or "Actions") pending before the United States District Court for the Southern District of Ohio, Western Division (the "Court"), and of a hearing to be held before the Court, in the Federal Building, 200 West Second Street, Dayton, Ohio 45402, on February 23, 2012, at 10:30 a.m. Ct. Rm. 4 (the "Settlement Hearing"). The purpose of the Settlement Hearing is to determine: (a) whether the Court should certify the Class for purposes of the Settlement; (b) whether the Court should approve the proposed Settlement; (c) whether the Court should enter an Order and Final Judgment dismissing the claims asserted in the Action on the merits and with prejudice as against Plaintiffs (defined below) and the Class and effectuating the releases described below; (d) whether the Court should grant the application of Plaintiffs' Counsel (defined below) for an award of attorneys' fees and reimbursement of litigation expenses; and (e) such other matters as may properly come before the Court.

If you are a member of the Class, this Notice will inform you of how, if you so choose, you may enter your appearance in the Action or object to the proposed Settlement and have your objection heard at the Settlement Hearing.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES. IT IS BASED ON STATEMENTS OF THE PARTIES AND**

2

IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THIS ACTION.

### Background and Description of the Action

On April 20, 2011, DPL announced that it had entered into a merger agreement (the "Merger Agreement") with The AES Corporation ("AES") and its wholly-owned subsidiary, Dolphin Sub, Inc. ("Dolphin"), pursuant to which, subject to satisfaction of certain closing conditions, including a vote in favor of the merger by two-thirds of the outstanding shares of DPL stock, Dolphin will be merged with and into DPL with DPL continuing as the surviving corporation (the "Merger"). Pursuant to the Merger Agreement, holders of DPL common stock will be entitled to receive, in exchange for each share of DPL common stock they own immediately prior to the effective time of the Merger, $30.00 in cash.

Between April 21, 2011 and May 24, 2011, nine actions were filed in the Court of Common Pleas of Montgomery County, Ohio, all alleging, among other things, that the members of DPL's board of directors had breached their fiduciary duties in connection with their consideration and approval of the Merger, and that DPL, AES and Dolphin had aided and abetted those breaches of duty. The actions, and their respective filing dates, are as follows: *Heinmullter v. DPL Inc., et al.*, Case No. 2011 CV 02969, filed on April 21, 2011 ("*Heinmullter*"); *The Austren Trust v. Barbas, et al.*, Case No. 2011 CV 03027, filed on April 25, 2011 ("*Austren Trust*"); *Meyr v. Barbas, et al.*, Case No. 2011 CV 03055, filed on April 26, 2011 ("*Meyr*"); *Strobhar v. Barbas, et al.*, Case No. 2011 CV 03089, filed on April 27, 2011

("*Strobhar*"); *Paskowitz v. Barbas et al.*, Case No. 2011 CV 03103, filed on April 27, 2011

("*Paskowitz*"); *Payne Family Trust v. DPL Inc., et al.*, Case No. 2011 CV 03142, filed on April

28, 2011 ("*Payne Family Trust*"); *Mahaffey v. Barbas, et al.*, 2011 CV 03344, filed on May 6,

2011 ("*Mahaffey*"); *Hime, et al. v. Barbas, et al.*, 2011 CV 03402, filed on May 10, 2011

("*Hime*"); and *Levy v. Barbas, et al.*, Case No. 2011 CV 03740, filed on May 24, 2011 ("*Levy*").

These actions shall collectively be referred to as the "State Court Actions." The *Austren Trust*,

*Meyr*, *Strobhar*, *Mahaffey* and *Hime* cases have been voluntarily dismissed.

Between April 26, 2011 and May 20, 2011, three actions were filed in the United States

District Court for the Southern District of Ohio, all alleging, among other things, that the

members of DPL's board of directors had breached their fiduciary duties in connection with their

consideration and approval of the Merger, and that DPL, AES and Dolphin had aided and abetted

those breaches of duty. The actions, and their respective filing dates, are as follows: *Kubiak v.*

*Barbas, et al.*, Case No. 3:11-cv-141, filed on April 26, 2011 ("*Kubiak*"); *Nichting v. DPL Inc.,*

*et al.*, Case No. 3:11-cv-148, filed on May 4, 2011 ("*Nichting*"); and *Holtmann v. DPL Inc., et*

*al.*, Case No. 3:11-cv-173, filed on May 20, 2011 ("*Holtmann*"). These actions shall collectively

be referred to as the "Federal Court Actions."

On June 1, 2011, DPL and its directors filed a motion to dismiss the *Kubiak* complaint.

On June 13, 2011, this Court entered an Order of Consolidation that consolidated the Federal

Court Actions for all purposes under Case Number 3:11-cv-141, which cases now comprise the

Action.

On June 14, 2011, this Court entered an Order Appointing Lead and Liaison Counsel, in

which it appointed Faruqi & Faruqi, LLP and Shepherd, Finkelman, Miller & Shah, LLP as Co-

4

Lead Counsel and the Law Offices of John C. Camillus as Liaison Counsel for the Action (collectively, "Plaintiffs' Counsel").

On June 22, 2011, DPL filed with the United States Securities and Exchange Commission (the "SEC") a preliminary proxy statement concerning the Merger (the "Preliminary Proxy").

On June 30, 2011, plaintiffs in the Action ("Plaintiffs") filed with this Court an Amended and Consolidated Class Action and Derivative Complaint for Breach of Fiduciary Duty and Individual Claims for Violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Amended Complaint") against defendants Paul Barbas, Glenn E. Harder, Robert D. Biggs, Lester L. Lyles, Ned J. Sifferlen, Barbara S. Graham, Frank F. Gallaher, and Pamela B. Morris (collectively the "Individual Defendants"), as well as DPL, AES and Dolphin (together with the Individual Defendants, the "Defendants"). The Amended Complaint alleges that the Merger Agreement resulted from a deficient sale process; the purchase price per share is inadequate; the Merger Agreement contains onerous provisions that prevented other competing offers for DPL; the Individual Defendants breached their fiduciary duties to DPL and its shareholders by agreeing to the Merger Agreement; the Individual Defendants breached their fiduciary duties to DPL shareholders by making material omissions in the Preliminary Proxy; DPL, AES and Dolphin aided and abetted these alleged breaches of fiduciary duties; DPL and the Individual Defendants made material omissions in the Preliminary Proxy in violation of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"); and the Individual Defendants are liable as control persons of DPL under Section 20(a) of the Exchange Act. The Amended Complaint seeks, among other things, to enjoin the consummation of the proposed transaction.

On July 5, 2011, Plaintiffs filed with this Court a Motion for Expedited Discovery.  On July 6, 2011, Plaintiffs filed with this Court a Motion for Preliminary Injunction of the shareholder vote on the Merger.

On July 6, 2011, AES and Dolphin filed a motion to dismiss the Amended Complaint and on July 8, 2011, DPL and the Individual Defendants filed a motion to dismiss the Amended Complaint.

On July 8, 2011, this Court held telephonic oral argument concerning Plaintiffs' Motion for Expedited Discovery.

On July 15, 2011, this Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion to Expedite Discovery, requiring limited discovery on an expedited basis; On July 21, 2011, subject to an agreed protective order entered by this Court, DPL produced documents to Plaintiffs pursuant to this Court's Order Granting in Part Plaintiff's Motion to Expedite Discovery.  On July 26, 2011, Plaintiffs conducted the deposition of Frederick Boyle, the Chief Financial Officer of DPL.  On July 28, 2011, Plaintiffs conducted the deposition of Alan Felder, a representative of UBS Securities LLC ("UBS"), DPL's financial advisor in connection with the Merger.  Also on July 28, 2011, Plaintiffs filed an opposition to Defendants' motions to dismiss.

After lengthy arm's-length negotiation, on July 29, 2011 counsel for the parties in the Action executed a memorandum of understanding ("MOU") containing the terms for the parties' agreement in principle to resolve the Action based on DPL's agreement to include certain additional disclosures regarding the transaction in the definitive proxy statement concerning the Merger that DPL mailed to its shareholders on or about August 5, 2011 (the "Definitive Proxy").

On September 23, 2011, the shareholders of DPL voted to accept the Merger.

## Reasons for the Settlement

Plaintiffs, through Plaintiffs' Counsel, have completed a thorough investigation of the claims and allegations asserted in the Action, as well as the underlying events and transactions relevant to those claims and allegations, and in connection with their investigation, Plaintiffs' Counsel conducted certain additional discovery, which discovery included taking the deposition of Glenn E. Harder, the non-executive Chairman of the Board of DPL, on September 8, 2011. Plaintiffs engaged in extensive discovery, including the review and analysis of over three thousand pages of documents produced by Defendants to Plaintiffs in connection with the Action. Plaintiffs also conducted the depositions of Mr. Boyle, DPL's Chief Financial Officer, and Mr. Felder, a managing director of UBS. After conducting and concluding documentary and testimonial discovery, Plaintiffs and Plaintiffs' Counsel believe that a settlement on the terms described below is fair, reasonable, adequate, and in the best interests of DPL and DPL's shareholders. Plaintiffs' entry into the Settlement is not an admission as to the lack of any merit of the claims asserted in the Action.

DPL, DPL's directors, AES and Dolphin each have denied, and continue to deny, that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Action, and expressly maintain that they diligently and scrupulously complied with their fiduciary and/or other legal duties and entered into the MOU and are entering into this Stipulation solely to eliminate the burden and expense of continued litigation.

The parties to the Action wish to settle and resolve the claims asserted by Plaintiffs in the Action, and the parties have reached an agreement providing for the settlement of the Action on

7

the terms and conditions set forth below, and the parties believe the Settlement is in the best interest of the parties and DPL shareholders.

## Settlement Terms

In consideration for the Settlement and dismissal with prejudice of the Action and release described herein, Defendants agreed to provide, and did provide, additional disclosures in the Definitive Proxy concerning certain subject areas raised by Plaintiffs' Counsel, which was filed with the SEC on August 5, 2011.

## The Settlement Hearing

The Settlement Hearing shall be held on February 23, 2012, at 10:30 a.m./p.m., in the Ct. Rm. 4 Federal Building, 200 West Second Street, Dayton, Ohio 45402, to: (a) determine whether the preliminary class action certification herein should be made final; (b) determine whether the Settlement should be approved by the Court as fair, reasonable, adequate and in the best interests of the Class and DPL; (c) determine whether an Order and Final Judgment should be entered pursuant to the Stipulation of Settlement entered into by the parties (the "Stipulation"); (d) consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and (e) rule on such other matters as the Court may deem appropriate.

The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the parties to the Stipulation and without further notice to the Class.

8

**Right to Appear and Object**

Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or Plaintiffs' Counsel's application for attorneys' fees, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than ten (10) calendar days prior to the Settlement Hearing such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear; (b) a statement of such person's objections to any matters before the Court; and (c) the grounds for such objections and the reasons that such person desires to appear and be heard, documentation evidencing membership in the Class, as well as all documents or writings such person desires the Court to consider. Such filings shall be served upon the following counsel:

> John C. Camillus
> LAW OFFICES OF JOHN C. CAMILLUS, LLC
> P.O. Box 141410
> Columbus, Ohio 43214
>
> *Ohio Liaison Counsel for Plaintiffs*
>
> Charles J. Faruki
> Thomas R. Kraemer
> FARUKI IRELAND & COX PLL
> 500 Courthouse Plaza, SW
> 10 North Ludlow Street
> Dayton, Ohio 45402-1818
>
> *Counsel for DPL Inc., Paul Barbas, Paul R. Bishop, Glenn E. Harder, Robert D. Biggs, Lester L. Lyles, Ned J. Sifferlen, Barbara S. Graham, Frank F. Gallaher, and Pamela B. Morris*

William G. Porter, II
Rodney A. Holaday
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

*Counsel for The AES Corporation and Dolphin Sub, Inc.*

and then filed with the Office of the Clerk, Federal Building, 200 West Second Street, Dayton, Ohio 45402.

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Plaintiffs and Plaintiffs' Counsel, any award of attorneys' fees, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Any member of the Class who does not object to the Settlement or the request by Plaintiffs' Counsel for an award of attorneys' fees and expenses (described below) or to any other matter stated above need not do anything.

## The Order and Final Judgment

If the Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate and in the best interests of the Class and DPL, the parties to the Action will ask the Court to enter the Order and Final Judgment, which will, among other things:

1.    Certify the Action as a non-opt out class action pursuant to Rules 23(a), 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure;

2.    Determine that the requirements of the Federal Rules of Civil Procedure and due process have been satisfied in connection with the Notice;

10

3.    Certify plaintiff Patrick Nichting as Class Representative and Faruqi & Faruqi LLP, and Shepherd Finkelman, Miller & Shah LLP as Co-Lead Counsel for the Class and the Law Offices of John C. Camillus as Liaison Counsel;

4.    Approve this Settlement as fair, reasonable, and adequate and in the best interests of the Class and DPL;

5.    Dismiss the Action with prejudice on the merits, as against any and all Defendants, without costs except as herein provided, and release Defendants and all other Released Persons (defined below) from the Settled Claims (defined below) (the "Release"); and

6.    Determine any award of attorneys' fees and expenses to Plaintiffs' Counsel.

<u>Releases</u>

Upon final approval of the Settlement and in consideration of the benefits provided by the Settlement:

(a) there will be a complete discharge, dismissal with prejudice, settlement and release of, and an injunction barring to the maximum extent permitted under law, any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, costs, expenses, interest, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether arising under federal, state, or foreign constitution, statute, regulation, ordinance, contract, tort, common law, equity, or otherwise, that have been, could have been, or in the future can or might be asserted in the Action or in any other court, tribunal or proceeding (including, but not limited to, any and all claims asserted in the State Court Actions and any other claims relating to alleged fraud, breach of any duty, negligence or violations of the federal or state securities laws) by or on behalf of Plaintiffs and any and all of the members of the Class and their respective successors and assigns

11

(collectively, the "Releasing Persons"), whether individual, class, derivative, representative, legal, equitable or of any other type or asserted in any other capacity against any and all Defendants, and/or any of their respective direct and indirect, past, present, and future, families, associates, parent entities, subsidiaries, affiliates, divisions, related entities, general or limited partners or partnerships, joint venturers or joint ventures, limited liability companies, members, officers, directors, shareholders, investors, representatives, employees, attorneys, financial or investment advisors, consultants, insurers, accountants, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, engineers, advisors, agents, heirs, executors, trustees, trustors, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which Plaintiffs or any of the other Releasing Persons ever had, now have, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the facts, events, transactions, acts, matters, occurrences, statements, representations, alleged misrepresentations, alleged omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related, directly or indirectly, to the allegations that have been or could have been asserted in the Action, the deliberations and decision-making process of DPL's board of directors, the price offered in relation to the Merger, the Merger, or the Merger Agreement, or any disclosures made in connection with any of the foregoing (including the adequacy and completeness of such disclosures) (collectively, the "Settled Claims") except for (i) claims to enforce the Settlement or (ii) any individual claims by DPL shareholders for appraisal under Ohio Revised Code Section 1701.85, which are expressly excluded from the Settled Claims.

(b)     The Release extends to claims that Plaintiffs, for themselves and on behalf of the Class, the Company and its shareholders, and AES and Dolphin, do not know or suspect to exist at the time of the Release, which if known, might have affected the decision to enter into the Release.  The Releasing Persons shall be deemed to waive any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States,

12

principle of common law or equity, or any other law or principle, which governs or limits a

person's release of unknown claims. The Releasing Persons shall be deemed to relinquish, to the

full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California

Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS
> SETTLEMENT WITH THE DEBTOR.

The Releasing Persons shall be further deemed to waive any and all provisions, rights and

benefits conferred by any law of any state or territory of the United States, principle of

common law, or any other law or principle, which is similar, comparable or equivalent to

California Civil Code Section 1542. Plaintiffs, for themselves and on behalf of the Class,

the Company and its shareholders, acknowledge that members of the Class and/or other

Company shareholders may discover facts in addition to or different from those that they

now know or believe to be true with respect to the subject matter of this Release, but that

it is their intention, as Plaintiffs and on behalf of the Class, the Company and its

shareholders, and AES and Dolphin, to fully, finally and forever settle and release any

and all claims hereby known or unknown, suspected or unsuspected, which now exist, or

heretofore existed, or may hereafter exist, and without regard to the subsequent discovery

or existence of such additional or different facts.

     (c)     Upon final Court approval of the Settlement, Defendants, including any and all of

their respective successors in interest, predecessors, representatives, trustees, executors,

administrators, heirs, assigns or transferees, immediate and remote, and any person or entity

acting for or on behalf of, or claiming under any of them, and each of them, forever release

13

Plaintiffs, Plaintiffs' Counsel, and the members of the Class from any and all claims arising out of or relating to their filing and prosecution of the Action and any Settled Claims; provided, however, that the release shall not include the right of Defendants to enforce the terms of the Settlement.

Plaintiffs' Counsel shall dismiss the Action within five (5) business days of the date of final approval of the Settlement.

## Application for Attorneys' Fees and Expenses

At the final hearing, Plaintiffs intend to seek an award of attorneys' fees and expenses to be paid by DPL or its successor in interest for the efforts of Plaintiffs' Counsel in filing, prosecuting, and settling the Action in an amount not to exceed $700,000. DPL has agreed to pay the fees and expenses actually awarded by this Court (the "Fee Award") up to $700,000. It is not a condition of this Settlement that Plaintiffs' counsel's application for fees and expenses be granted in any respect. The Court may consider and rule upon the fairness, reasonableness and adequacy of the Settlement independently of any award of attorneys' fees and expenses.

## Notice to Persons or Entities that Held Ownership on Behalf of Others

Brokerage firms, banks and/or other persons or entities who held shares of the common stock of DPL during the period from and including April 19, 2011 and the date of the consummation of the Merger, for the benefit of others are requested promptly to send this Notice to all of their respective beneficial owners. If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such copies may be made to [TRANSFER AGENT/SERVICE].

14

### Scope of this Notice and Additional Information

The foregoing description of the Settlement Hearing, the Action, the terms of the proposed Settlement and other matters described herein do not purport to be comprehensive. Accordingly, members of the Class and DPL shareholders are referred to the documents filed with the Court in the Action. **PLEASE DO NOT WRITE OR CALL THE COURT.**

Inquiries or comments about the Settlement may be directed to the attention of Plaintiffs' counsel as follows:

John C. Camillus
LAW OFFICES OF JOHN C. CAMILLUS, LLC
P.O. Box 141410
Columbus, Ohio 43214
Tel.: 614-558-7254

Juan E. Monteverde
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Fl.
New York, New York 10017
Tel.: 212-983-9330

Scott R. Shepherd
Jayne A. Goldstein
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 East State Street
Media, Pennsylvania 19063
Tel.: 610-891-9880

Dated: Dayton, Ohio

November 8, 2011

BY ORDER OF THE COURT

_Timothy S. Black_

UNITED STATES DISTRICT JUDGE